Steven M. Hedberg, OSB No. 842440
SHedberg@perkinscoie.com
Jeanette L. Thomas, OSB No. 980420
JThomas@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Loyal Land, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>THORNBURGH RESORT COMPANY, LLC,<br><br>               Debtor. | No. 11-31897-tmb11<br><br>**LOYAL LAND, LLC'S MOTION TO DESIGNATE CASE AS A SINGLE ASSET REAL ESTATE CASE** |

Loyal Land, LLC ("Loyal") files this Motion to designate this case as a single asset real estate case (the "Motion") pursuant to Sections 101(51B) and 362(d)(3) of the Bankruptcy Code. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334.  This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### I.    FACTS

1.    On or about March 11, 2011 ("Petition Date"), Thornburgh Resort Company, LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code in Portland, Oregon commencing this Chapter 11 bankruptcy case.  In its petition, Debtor checked the "Other" box in the section that asked for the nature of its business.  Debtor identified itself as "Resort, Utilities, Real Estate".  *See* Petition, a copy of which is attached as Exhibit A.

PAGE  1-  LOYAL LAND, LLC'S MOTION TO DESIGNATE CASE AS A SINGLE ASSET REAL ESTATE CASE

76878-0001/LEGAL20600551.3

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

2. Debtor has taken the position in filings with this Court that its business is the development and operation of a destination resort on approximately 1860 acres in Redmond, Oregon. *See* "Debtor's Emergency Motion and Request for Expedited Hearing to Reschedule April 5, 2011 Hearing on Motion of Loyal Land, LLC from Relief From Automatic Stay," at ¶ 2, (Doc. No. 19) ("Emergency Motion"); "Debtor's Objection to Motion of Loyal Land, LLC for Relief from Automatic Stay," at ¶ 2 (Doc. No. 26) ("Debtor's Objection"); Declaration of Kameron DeLashmutt in Support of Debtor's Objection to Motion of Loyal Land, LLC for Relief from Automatic Stay," at ¶ 3 (Doc. No. 27) ("DeLashmutt Declaration").

3. The property at issue consists of real property in Redmond, Oregon commonly referred to as TBD Cline Falls Road, Redmond, Oregon 97756 (the "Property"). Debtor has stated in pleadings that the resort consists of three golf courses, lots for 1,150 homes and overnight units, a hotel, water and utility companies, a real estate sales and marketing company, and substantial other resort improvements. Emergency Motion at ¶ 2; Debtor's Objection at ¶ 5; DeLashmutt Declaration, at ¶3. If only that were true, Debtor may not be in bankruptcy today.

4. The Property is currently vacant, with the exception of three dwellings, with associated driveways and roads. No one has ever played golf there or spent a night in a hotel because the resort does not yet exist. Although Debtor has spent six years attempting to obtain all appropriate land use permits and approvals to develop the Property as a resort under Oregon law, Debtor has been unsuccessful. In fact, Debtor will need to undertake significant additional efforts to obtain the remaining permits and approvals necessary to develop the resort.

## II.    LEGAL ANALYSIS

5. Section 101(51 B) defines "single asset real estate" to mean:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

PAGE  2-    LOYAL LAND, LLC'S MOTION TO DESIGNATE
CASE AS A SINGLE ASSET REAL ESTATE CASE

76878-0001/LEGAL20600551.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

11 U.S.C. § 101(51B).

6. Courts generally apply a three-prong test in evaluating whether a particular property or project falls within the definition of "single asset real estate." The criteria are: (1) the subject real property must constitute a "single property or project," other than residential real property with fewer than four residential units; (2) the real property must generate substantially all of the income of the debtor; and (3) the debtor must not be involved in any substantial business on the real property other than the operation of such property. *See e.g.*, In re Scotia Pacific Co., LLC, 508 F.3d 214 (5th Cir. 2007); In re Kara Homes, Inc., 363 B.R. 399 (Bankr. D.N.J. 2007).

7. With respect to the first prong, whether multiple parcels constitute a single "project" depends on whether the properties are "linked together in some fashion in a common plan or scheme involving their use." In re The McGreals, 201 B.R. 736, 741 (Bankr. E.D. Pa. 1996). *See also*, In re Sargent Ranch, LLC, No. 10-0046-PB11, 2010 WL 3189714, at *2 (Bankr. S.D. Cal. 2010) (finding that project comprised of 6,400 acres on 14 separate parcels was a single project); In re CBJ Development, Inc., 202 B.R. 467 (9th Cir. BAP 1996) (apartment with more then four units was single asset real estate); In re Pensignorkay, Inc., 204 B.R. 676 (Bankr. E.D. Pa. 1997) (adjacent parcels that were being developed as part of an overall development was found to be single asset real estate). The debtor's properties do not have to be geographically proximate. Instead, Congress intended to capture real estate developments consisting of separate projects with each comprising more than one tract or parcel of land that may not be contiguous. In re Club Golf Partners, L.P., No. 07-40096, 2007 WL 1176010, at *5 (E.D. Tex. Feb. 15, 2007) (holding that a debtor owning separate tracts of property collectively constituting a golf club was a single project for purposes of Section 101(51B) of the Bankruptcy Code).

8. In making this determination the Court must look to the current use of the

PAGE  3-   LOYAL LAND, LLC'S MOTION TO DESIGNATE
              CASE AS A SINGLE ASSET REAL ESTATE CASE

76878-0001/LEGAL20600551.3

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1  property, rather than the Debtor's intentions for the property.  In re Sargent Ranch, LLC, No. 10-
2  0046-PB11, 2010 WL 3189714, at *3 (Bankr. S.D. Cal. 2010) (finding that future plans for
3  project did not result in separate operations, rather operation of undeveloped project was waiting
4  and planning for future development); <u>In re Webb MTN, 2008 WL 656271 at *6</u>
5  <u>(Bankr.E.D.Tenn.2008)</u> (holding that debtor was single asset real estate debtor because the 1,865
6  acres of real property upon which the debtor intended to build two golf courses, a resort,
7  convention center, retail center, single family homes and condos had not yet been developed).

8       9.    Here, just as in <u>Sargent Ranch</u> and <u>Webb</u>, the project is comprised of several
9  parcels but, by Debtor's admission, they are all intended to be used in one project – a destination
10 resort.  More importantly, again, just as in <u>Sargent Ranch</u> and <u>Webb</u>, at the current time the
11 Property is not developed as a resort and the activities Debtor relies on to keep it outside the
12 definition of a single asset real estate case, e.g., golf courses, hotel, overnight units and utility
13 companies do not exist on the Property.  They therefore cannot be factored into the Court's
14 analysis.  Accordingly, although there are several legal parcels, under applicable law, because
15 they are currently undeveloped for Debtor's intended purpose as a resort, they constitute one
16 project and accordingly the first prong is met.

17      10.   The second prong is that the property must generate all the income of the debtor.
18 There are few reported decisions considering whether property that does not generate income
19 falls within the definition of single asset real estate.  <u>In re Pensignorkay</u> and <u>In re Syed</u>, 238 B.R.
20 133, 140 (Bankr. N.D. Ill. 1999) both held that real property that does not generate income for
21 the debtor may be a single asset real estate, assuming the other prongs are satisfied.  In addition,
22 <u>In re Oceanside Mission Associates</u>, 192 B.R.232, 236 (Bankr. S.D. Cal. 1996) examined
23 congressional intent of the statute and concluded that single asset real estate includes real
24 property that generates no income.

25      11.   Here, as set forth above, the Property is currently undeveloped as a resort and is
26

PAGE 4-  LOYAL LAND, LLC'S MOTION TO DESIGNATE
         CASE AS A SINGLE ASSET REAL ESTATE CASE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

76878-0001/LEGAL20600551.3

not generating revenue for the Debtor. *See* Statement of Financial Affairs, Question 1 (indicating no income from operation of the business in either 2011 or in 2010 and 2009) (Doc. No. 30). Accordingly, under applicable law Debtor meets the requirements of the second prong of the test.

12. Litigation generally focuses on the third prong – i.e., whether the debtor is involved in any substantial business on the real property other than the operation of such property. On one hand are cases involving hotels, golf courses and marinas, where the debtors not only own the properties but operate businesses which use the properties. *See e.g.,* In re CBJ Development, Inc., 202 B.R. at 473; In re Kkemko, 181 B.R. 47, 51 (Bankr. S.D. Ohio 1995); In re Larry Goodwin Golf, Inc., 219 B.R. 391 (Bankr. M.D.N.C. 1997). On the other hand are cases involving apartment buildings and investment properties in which the debtors are passive owners, merely collecting rents and arranging maintenance. *See e.g.,* In re Pensignorkay, Inc., 204 B.R. 676 (Bankr. E.D. Pa. 1997); In re Philmont Development, Corp., 181 B.R. 320 (Bankr. E.D. Pa. 1995). In instances where there are no operations, the court has found that there is no other substantial business. As a result, this prong cannot be met. Sargent Ranch, 2010 WL 3189714, at *3-4.

13. As set forth above, and as evidenced by the pleadings filed by Debtor in this case, there is no business being conducted on the Property that would exclude the Property from the definition of single asset real estate. Rather, the Property falls neatly into the definition of a single asset real estate case because it is a single project on which there is no business, let alone other businesses, being conducted. There is no need for further evidence on this matter as the Statement of Financial Affairs contains all the evidence this Court needs to rule on this Motion.

PAGE 5- LOYAL LAND, LLC'S MOTION TO DESIGNATE CASE AS A SINGLE ASSET REAL ESTATE CASE

76878-0001/LEGAL20600551.3

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

### III. CONCLUSION

For the foregoing reasons, Loyal requests that the Court enter an order determining that Debtor is subject to the provisions applicable to single asset real estate debtors, as set forth in Bankruptcy Code, including, without limitation, section 362(d)(3) and granting such other and further relief as the Court deems just and proper.

DATED: April 13, 2011

By:/s/ Steven M. Hedberg
Steven M. Hedberg, OSB 842440
SHedberg@perkinscoie.com
Jeanette L. Thomas, OSB No. 980420
JThomas@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Loyal Land, LLC

PAGE 6- LOYAL LAND, LLC'S MOTION TO DESIGNATE CASE AS A SINGLE ASSET REAL ESTATE CASE

76878-0001/LEGAL20600551.3

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

# UNITED STATES BANKRUPTCY COURT
## District of Oregon

**VOLUNTARY PETITION**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Thornburgh Resort Company, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>20-1409735 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>67525 SW Cline Falls Hwy<br>Redmond, OR<br>ZIP CODE **97756** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Deschutes** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>P.O. Box 264<br>Bend, OR<br>ZIP CODE **97702** | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [✓] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [✓] Other _Resort, Utilities, Real Estate_

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [✓] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [✓] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [✓] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [✓] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [✓] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

EXHIBIT A
Page 1 of 8

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> Thornburgh Resort Company, LLC | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District:    District of Oregon | Relationship: | Judge: |

| **Exhibit A** <br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐   Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X _____ <br>     Signature of Attorney for Debtor(s)     (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

    ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

         _____
         (Name of landlord that obtained judgment)

         _____
         (Address of landlord)

    ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

    ☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

    ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** Thornburgh Resort Company, LLC |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> Signature of Debtor <br><br> X _____ <br> Signature of Joint Debtor <br><br> _____ <br> Telephone Number (if not represented by attorney) <br><br> _____ <br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only **one** box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X _____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X /s/ Gary Underwood Scharff <br> Signature of Attorney for Debtor(s) <br> Gary Underwood Scharff <br> Printed Name of Attorney for Debtor(s) <br> Law Office of Gary Underwood Scharff <br> Firm Name <br> 621 SW Morrison St. # 1300 <br> Portland, OR 97205 <br> Address <br> 503-493-4353 <br> Telephone Number <br> 03/11/2011 <br> Date <br><br> *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) <br><br> _____ |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X /s/ Kameron DeLashmutt <br> Signature of Authorized Individual <br> Kameron DeLashmutt <br> Printed Name of Authorized Individual <br> Manager <br> Title of Authorized Individual <br> 03/10/2011 <br> Date | X _____ <br> Address <br><br> X _____ <br> Date <br><br> Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT

_____ District Of _____

In re _____,          Case No. _____
              Debtor
                                                                 Chapter _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

_____

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |

_____

_____

Date: _____

                                                      _____
                                                                   Debtor

*[Declaration as in Form 2]*

# EXHIBIT 1

## List of Creditors Holding 20 Largest Unsecured Claims
### Thornburgh Resort Company, LLC

|   | Name of Creditor and complete mailing address including zip code | Name, telephone number and complete mailing address of employee agent or department of creditor familiar with claim to be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security |
|---|---|---|---|---|---|
| 1 | Schwabe, Williamson & Wyatt P.C., 1211 SW 5th Ave Suite 1900 Portland OR 97204 | Mark Long, 503-296-2933, same address | Legal Services |  | $1,366,324.00 |
| 2 | Stewart Weitzman, 77231 Montesereno Circle Indian Wells CA 92210 | Stewart Weitzman, 760-345-3481, same address | Founders sales deposit | Contingent, unliquidated | $ 750,000.00 |
| 3 | John Bos, 28724 Stockdale Hwy Bakersfield CA 93312 | Brent Stanley, 661-396-9600, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 4 | Porter Burns, 152 Champanelle Way, Bend OR 97701 | Porter Burns, 541-318-8279, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 5 | Dick Carpenter, 65923 Rimrock Ct, Bend OR 97702 | Dick Carpenter, 541-390-8539, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 6 | John Evenson, 79-145 Montego Bay Dr. Bermuda Dunes CA 92203 | John Evenson, 760-413-5663, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 7 | Ray Grimm, 61862 Bunker Hill Rd. Bend OR 97702 | Ray Grimm, 702-403-2330, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 8 | Mike Herzog, 1025 NW Couch St 1411 Portland OR 97209 | Mike Herzog, 503-372-3289, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 9 | John Houston, 9799 SW Freeman Dr. Wilsonville, OR 97070 | John Houston, 503-381-8558, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 10 | Jay Losi, 4307 Oak Place Dr, Westlake CA 91362 | Jay Losi, 805-379-3044, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| 11 | Joe O'Brien, 411 Hamiltin Dr. Ste 2002 Peoria Ill 61602 | Joe O'Brien 309-472-0990, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 12 | Sandy Studer, PO Box 355 Diablo CA 94528 | Sandy Studer 510-918-9310, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 13 | John Aspell, 19250 Green Lakes Lp. Bend OR 97702 | John Aspell 541-388-1221 , same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 14 | Virginia Dekat, 86 SW Century Dr Bend OR 97702 | Virginia Dekat 541-390-7109, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 15 | Dave Edson, 3227 SW Scholls Ferry Ct.  Portland OR 97221 | Dave Edson 971-544-3750, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 16 | Lee Kearney, 7611 SW Evergreen Hwy, Vancouver WA 98664 | Lee Kearney 360-6969-3340, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 17 | Bob Keys 1550 Eastman Parkway, Ste 150, Gresham OR 97030 | Bob Keys 503-329-7191 | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 18 | Don Kurz, One Bala Plaza East, #600 Bala PA 19004 | Don Kurz 610-617-6870, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 19 | Doug Miller, 7760 France Ave, Edina MN 55435 | Doug Miller 952-925-8022, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| 20 | Allan Mohr, 25619 Cheril Dr. West Linn OR 97068 | Allan Mohr 503-407-7122, same address | Founders sales deposit | Contingent, unliquidated | $ 500,000.00 |
| | | | | | $11,116,324 |

## Authorization To Commence Chapter 11 Bankruptcy Case of Thornburgh Resort Company, LLC

      Central Resort Company, LLC, as sole owner and member of Thornburgh Resort Company, LLC ("TRC"), hereby authorizes Kameron K. DeLashmutt, in his capacity as manager of TRC, to retain the Law Office of Gary Underwood Scharff upon such terms as he deems proper to prepare for, commence and prosecute a Chapter 11 bankruptcy case of TRC at such time as Mr. DeLashmutt deems appropriate in or about March 2011.

      Dated this 10th day of March, 2011.

Central Resort Company, LLC


By: _/s/ Kameron K. DeLashmutt_
Name: Kameron K. DeLashmutt
Its:  Manager

Gary Underwood Scharff, OSB #883031
Law Office of Gary Underwood Scharff
621 S.W. Morrison Street  Suite 1300
Portland, OR  97205
Tel.: 503-493-4353
Fax: 503-517-8143
Email: gs@scharfflaw.com
Attorney for Thornburgh Resort Company, LLC,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re: | ) | Case No.: _____ |
| | ) | |
| **Thornburgh Resort Company, LLC,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | |
| | ) | |

The undersigned hereby certifies that he caused to be forwarded to the following parties on March 11, 2011, via first class mail in a sealed envelope, postage prepaid, a copy of the List of Holders of the 20 Largest Unsecured Claims in this case, together with mailing labels addressed to each of the holders of such claims:

   The Office of the United States Trustee
   620 SW Main Street, Suite 213
   Portland, OR 97204


   DATED this 11th day of March, 2011.


                                          /s/ Gary Underwood Scharff_____
                                              Attorney for Debtor

# CERTIFICATE OF SERVICE

On April 13, 2011, I certify that a true and correct copy of **LOYAL LAND, LLC'S MOTION TO DESIGNATE CASE AS A SINGLE ASSET REAL ESTATE CASE** ("Motion") was sent to the party listed below via U.S. Mail:

> Sandra L Knapp
> Gawthrop Greenwood PC
> 17 East Gay Street
> POB 562
> WestChester, PA 19381-0562

The ECF Participants listed below were registered with the Court to receive electronic notification of the Motion as of the date shown below:

- Gary U. Scharff on behalf of Debtor - gs@scharfflaw.com

- Justin D. Leonard on behalf of Creditor Amy Mitchell, Trustee for Bankruptcy Estate of Robert L. and Lynn C. Keys, D. Or. Bk. Case No. 10-34294-tmb7 - jleonard@bjllp.com, jweisenbach@balljanik.com

- US Trustee, Portland - USTPRegion18.PL.ECF@usdoj.gov

Dated this 13th day of April, 2011

PERKINS COIE LLP

/s/ Steven M. Hedberg
Steven M. Hedberg, OSB 842440

Attorneys for Loyal Land, LLC

PAGE  1-   CERTIFICATE OF SERVICE

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

76878-0001/LEGAL20600551.3