Below is an Order of the Court.

*Trish M. Brown*
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re<br><br>THORNBURGH RESORT COMPANY, LLC,<br><br>Debtor. | No. 11-31897-tmb11<br><br>**STIPULATED PROTECTIVE ORDER** |
|---|---|

Subject to the approval of the Court, IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned parties, that the following Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatories, responses, and other written, recorded, or graphic matter, including any information contained therein, produced or exchanged during discovery by any party to these proceedings (this "Action") or by any third party (hereinafter sometimes referred to collectively as a "producing party") responding to a document request (formal or informal) or deposition subpoena in this Action (hereinafter sometimes referred to as "Discovery Material").

**1.    Documents and Scope Defined**

This Protective Order shall apply to all information and documents hereafter provided by a producing party during the course of this Action, whether written, oral, visual, electronic, or

PAGE   1-    STIPULATED PROTECTIVE ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:   503.727.2222

76878-0001/LEGAL20651958.2

contained in documents or transcripts, or in any other form, that the producing party shall determine to be and designate as "Confidential" or "Attorneys' Eyes Only." For the purposes of this Protective Order, the term "documents" shall have the same meaning it has when used in Rule 34 of the Federal Rules of Civil Procedure and shall include, but not be limited to: written, recorded, or graphic matter; interrogatory answers filed in this Action; requests to admit and responses thereto filed in this Action; transcripts of and exhibits to depositions taken in this Action; and any portions of any court papers filed in this Action which quote from or summarize any of the foregoing.

### 2. Disclosure in this Action by Third Parties

Third parties who produce or disclose information in this Action, whether revealed in a document or deposition, who so elect may avail themselves of the protections of this Order and thereby become producing parties for purposes of this Order if they agree to be bound by its terms and conditions.

### 3. Confidential Information

If the producing party reasonably believes in good faith that Discovery Material contains or discloses trade secrets or other information that any party reasonably and in good faith treats as confidential in the usual and ordinary course of its business, such party may designate the Discovery Material as "CONFIDENTIAL" (hereinafter sometimes referred to as "Confidential") by stamping or otherwise identifying such documents or information on their face as such. Confidential documents may include, but not be limited to: (i) the producing party's financial information; (ii) projected or actual revenues or income data; (iii) information about existing and potential customers and contracts; (iv) information about affiliates, parents, subsidiaries, and employees, the disclosure of which may breach duties of confidentiality to the agents, representatives or customers of the producing party, and any other information for which a court could grant a Protective Order pursuant to the Federal Rules of Civil Procedure prohibiting public disclosure of such information. Confidential Information shall expressly exclude that

PAGE 2- STIPULATED PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

76878-0001/LEGAL20651958.2

which is public knowledge or is otherwise obtained through sources and means independent of and without reference to the Confidential Information.

**4.    Designation of Confidential Information**

Any document produced or testimony obtained in this action that is reasonably believed by the producing party to contain Confidential Information may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate in light of the following guidelines:

**A.    "Attorneys Eyes Only"**

Confidential Information designated as "ATTORNEYS' EYES ONLY" shall be reserved for Confidential Information that the producing party reasonably and in good faith believes contains or reveals information the disclosure of which to the parties, as opposed to counsel, would cause substantial, prejudicial and unfair harm, even if the disclosure to the parties is subject to the protections of "Confidential" information under this protective order.

**B.    "Confidential"**

Confidential Information that falls outside the scope of Section 4 (A) shall be designated as "Confidential."

**C.    Procedure for Designation**

(a)    **Printed Materials.**  For printed materials, each page of the document in which the producing party claims Confidential Information appears shall be clearly and prominently marked with the legend "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," as appropriate.

(b)    **Electronic Material**s.  Data produced in electronic form may be designated as Confidential Information by marking the disk, tape, or other storage medium with the appropriate "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend.  In addition, the producing party shall, to the extent reasonably possible, add the legend to the electronic file such that any printout of the file contains the legend.

PAGE   3-    STIPULATED PROTECTIVE ORDER

76878-0001/LEGAL20651958.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

       (c)      **Deposition Transcripts.**  A party (or its counsel) may designate deposition or other testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a statement to such effect on the record, with reasonable precision as to the affected testimony, during the taking of the deposition.  The reporter transcribing the deposition shall write or stamp the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate, on the cover of the relevant portions of the transcript, provided, however, that the parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court order.

       (d)      **Subsequent Designation.**  Any producing party may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Confidential Information that has already been produced by that party by sending written notice as soon as possible to all persons to whom such documents have been disclosed of such designation, specifying the documents to be designated as Confidential Information by Bates number or detailed description.  Subsequent designation of documents as "ATTORNEYS EYES ONLY" is limited to documents that have not already been shared by counsel for the receiving party with persons identified in Section 6(B), below.

With respect to depositions, the producing party may send written notice to all persons to whom the testimony has been disclosed within twenty (20) business days of receipt of the transcript of a deposition, designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential Information.  Each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.  If any ambiguity arises in the course of this Action concerning the portions of a deposition designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" counsel for the parties shall work together in good faith to resolve any such ambiguity.

PAGE   4-   STIPULATED PROTECTIVE ORDER

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

76878-0001/LEGAL20651958.2

**5.    Objections to Designations**

A receiving party shall not be obligated to challenge the propriety of the designation of Confidential Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a receiving party challenges such a designation, it shall send or give written notice to the producing party of such challenge and clearly state the basis for the challenge. The producing party shall have three (3) business days after receipt of a challenge notice to advise the receiving party whether it will change the designation. If the challenge cannot be expeditiously resolved, the receiving party may seek an informal telephone conference with the Court. Should resolution of the challenge not be achieved, the party wishing to remove confidential status may present a motion to the Court claiming non confidential status. Such motion must be filed no later than thirty (30) business days after the date of the service of the objection.

The Discovery Material at issue shall continue to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate, and subject to the terms of this Order until the challenge has been resolved by an agreement of counsel or Court order. The producing party or party asserting the designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall bear the burden of persuasion on this issue.

**6.    Disclosure of Confidential Information**

Confidential Information may be disclosed by the receiving party only to the following persons:

A.    outside counsel employed by the receiving party to assist in this Action; the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such counsel who are assisting in this Action; and the personnel supplied by any independent contractor with whom such attorneys work in connection with this Action (including copying and litigation support service personnel);

PAGE  5-    STIPULATED PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

76878-0001/LEGAL20651958.2

B.   all parties to the Action (including, without limitation, the Debtor, Loyal Land, LLC and Jeffery Parker), and their respective affiliates, directors, officers, managers, representatives, insurers, and employees, including in-house counsel, as outside counsel for that party deems necessary for the purpose of assisting in this Action, except that materials designated "ATTORNEYS' EYES ONLY" may not be disclosed to anyone in this subparagraph (B);

C.   any bona fide outside consultant or expert who is assisting counsel or a party to this Action to whom it is necessary to disclose Confidential Information for the sole purpose of assisting in or consulting with respect to the preparation of this Action;

D.   persons noticed for depositions or designated as trial witnesses, or persons a party reasonably and in good faith believes may be noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to testify (such persons shall not retain or copy the Confidential Information, or portions of the transcript of their depositions that contain the Confidential Information, if such information was not provided by them or the entities they represent);

E.   the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action; and

F.   stenographic employees and court reporters recording or transcribing testimony relating to the Action.

Prior to the disclosure of any Discovery Material to any person identified in paragraphs 6(C) or 6(D) above, such person shall be provided with a copy of this order, which he or she shall read before signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and shall abide and be bound by its terms. Outside counsel for the party obtaining such signed Certifications shall maintain them in a file and shall make the file promptly available, upon reasonable request, for inspection by the Court or the parties. Persons who come into contact with Discovery Material solely for clerical or administrative purposes

PAGE 6- STIPULATED PROTECTIVE ORDER

76878-0001/LEGAL20651958.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(e.g., copy services), and who do not retain copies or extracts thereof, are not required to execute Certifications.

**7.    Disclosure to Persons Not Otherwise Authorized**

If Discovery Material is disclosed to any person other than in the manner provided by this Order, the party responsible for the disclosure shall (without waiver of any of the remedies that the producing party may have hereunder), immediately upon learning of such disclosure, inform the producing party and request the return of the Discovery Material and any copies thereof from each unauthorized person who received such Discovery Material.

**8.    Exceptions**

Nothing shall prevent disclosure otherwise prohibited by this Order if the producing party designating the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders or permits such disclosure.  Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

**9.    Limited Use and Disclosure of Confidential Information**

Any Confidential Information produced in this Action, shall be used only in connection with the prosecution, defense, or appeal of this Action and shall not be used for any other purpose.

**10.    Making Copies of Discovery Material**

No copies of Confidential Information shall be made except by or on behalf of counsel of record in this case.  Counsel of record shall ensure that all copies of Confidential Information remain within their possession or the possession of those entitled to access to this Information under this Order.

PAGE   7-    STIPULATED PROTECTIVE ORDER

76878-0001/LEGAL20651958.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**11.    Protecting Confidential Information at Depositions**

No person may refuse to answer any questions at a deposition on the sole ground that the question requires the person to reveal Confidential Information. Depositions shall proceed upon the following basis: prior to answering the deposition question or questions, all persons present other than counsel of record shall be advised of and shall agree to the terms and conditions of this Order and, at the request of the designating party, all persons not authorized to receive Confidential Information under this Order shall leave the room during the time in which this Confidential Information is disclosed or discussed.

**12.    Use of Confidential Information in Court Pleadings**

If a party intends to file documents with the Court that contain or are designated as containing Confidential Information produced in discovery by another party, the filing party shall determine from the producing party whether the particular Confidential Information may be filed in open court. If the producing party does not agree to the filing of the Confidential Information in open court, or to the filing of a redacted version of the documents, the producing party shall work with the filing party to present at ex parte a motion for an order allowing the Confidential Information to be filed under seal, or to seek other protection of the Confidential Information at trial or hearing, according to court practice and procedure. The producing party shall have the burden to establish that the documents sought to be filed justify sealing, or such other protection requested, pursuant to this Court's policy and procedure and applicable law. If the Court denies the motion to file under seal, the Confidential Information shall be filed in the regular course.

PAGE 8- STIPULATED PROTECTIVE ORDER

76878-0001/LEGAL20651958.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

### 13. Use of Confidential Information at Hearings or Trial

All objections as to admissibility into evidence of the Discovery Material subject to this Order are reserved until the hearing and trial of this case. The use of Confidential Information as evidence at the trial of this case shall be subject to an order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

### 14. Effect of Designation on Authenticity and Admissibility

The placing of any confidentiality designation or a production identification label on the face of any document shall have no effect on the document's authenticity or admissibility in this Action.

### 15. Inadvertent Production

If the producing party inadvertently produces or discloses any Confidential Information without marking it with the appropriate legend, the producing party may give notice to the receiving party, no later than thirty (30) days following the actual discovery of the disclosure, that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within ten (10) days of the receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all

PAGE 9- STIPULATED PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

76878-0001/LEGAL20651958.2

copies of such inadvertently produced privileged or work product doctrine-protected document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**16.  Return of Discovery Materials**

Upon the conclusion of this Action, including any appeals related thereto, all Discovery Material and any and all copies thereof shall be returned within sixty (60) calendar days to the producing party or destroyed, with the receiving party to provide to counsel for the producing party a declaration under oath reflecting such disposition. However, counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information. Such retained work product and court-filed documents shall remain subject to the terms of this Order.

**17.  No Waiver**

The designation pursuant to this Order by counsel for the producing party of any material as constituting or containing Confidential Information is intended to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any other party that the designated information constitutes or contains any trade secret or confidential information as contemplated by law.

Nothing herein shall be construed to affect in any manner the discoverability, relevance or admissibility of any document, testimony, or other evidence.

**18.  Subpoena by Other Tribunal or Agencies**

Any party to this Action that is served with a subpoena or other notice by a non-party in another proceeding requesting or compelling the production of any Discovery Material produced by a producing party in this Action shall give immediate written notice to that original producing party of such subpoena or other notice and shall cooperate with the producing party in protecting the Discovery Material from disclosure. While a motion for protective order is pending, the

PAGE 10-   STIPULATED PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

76878-0001/LEGAL20651958.2

requested material shall not be produced. Provided however, if notice is not permitted by applicable law or order, this provision shall not require a party to violate same.

### 19. Application to Court

This Protective Order is without prejudice to the right of any interested party to apply, upon reasonable notice to the producing party, for an order permitting the disclosure of any Confidential Information or to apply for an order modifying or limiting this Protective Order in any respect.

### 20. Modification of Protective Order

This Protective Order may be modified by written stipulation among all the parties if approved by the Court. Absent stipulation, any party may seek modification by proper application to the Court.

### 21. Continuing Jurisdiction

All provisions of this Protective Order shall continue to be binding after the conclusion of this Action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

### 22. Production of Documents

All documents produced pursuant to a subpoena and subject to this Protective Order shall be produced at the producing party's place of business or as otherwise agreed by and between the parties. The requesting party shall pay the reasonable copying costs for all documents requested during this litigation.

### 23. Application in Arbitration or Other Proceeding

The provisions of this Protective Order shall continue to be binding throughout the duration of this Action. To the extent the parties engage in discovery during any arbitration or other proceeding, the terms of this Protective Order shall be maintained, and any dispute to be

PAGE  11-  STIPULATED PROTECTIVE ORDER

76878-0001/LEGAL20651958.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

resolved by the Court shall be resolved by the arbitrator(s) or other such persons in control of the discovery process.

### 24. Termination

This order shall continue in force until amended or superseded by express order of the Court. The termination of proceedings in this Action, to include the exhaustion of all appeals, shall not relieve the persons described above from the obligation of maintaining the confidentiality of all Confidential Information received pursuant to this Order.

###

**STIPULATED AND AGREED TO:**

| LAW OFFICE OF GARY U. SCHARFF | PERKINS COIE LLP |
|---|---|
| By: /s/ Gary U. Scharff<br>**Gary U. Scharff**, OSB No. 883031<br>gs@scharfflaw.com<br>621 SW Morrison Street<br>1300 American Bank Bldg<br>Portland, OR 97205<br>Telephone: 503.493.4353<br>Facsimile: 503.517.8143<br><br>Attorneys for Debtor, Thornburgh Resort Company, LLC | By: /s/ Erick J. Haynie<br>**Stephen F. English**, OSB No. 730843<br>SEnglish@perkinscoie.com<br>**Jeanette L. Thomas**, OSB No. 980420<br>JThomas@perkinscoie.com<br>**Erick J. Haynie**, OSB No. 982482<br>EHaynie@perkinscoie.com<br>1120 N.W. Couch Street, Tenth Floor<br>Portland, OR 97209-4128<br>Telephone: 503.727.2000<br>Facsimile: 503.727.2222<br><br>Attorneys for Loyal Land, LLC |

cc:  Via ECF Notification to:
    Gary U. Scharff
    Justin D. Leonard
    U.S. Trustee

Via U.S. Mail to:
Sandra L Knapp

PAGE  12-  STIPULATED PROTECTIVE ORDER

76878-0001/LEGAL20651958.2

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**EXHIBIT A**

To Protective Order

Entered on _____, 2011

I have read the Protective Order (the "Order") entered by the Court on _____, 2011, in *In re THORNBURGH RESORT COMPANY, LLC,* United States Bankruptcy Court for the District of Oregon Case No. No. 11-31897-tmb11, a copy of which Order is attached to my copy of this statement. I understand the responsibilities and obligations the Order imposes on persons relating to the material encompassed by the Order and I agree to be bound by its terms. I agree to treat all materials designated as "Confidential Information," all copies, notes or other records containing or referring to such materials, and the substance or contents of such materials in accordance with the terms of the Protective Order. I also agree with the requirements of paragraph 14 with respect to the disposition of documents upon conclusion of the litigation.

I agree to be subject to the jurisdiction of the United States Bankruptcy Court for the District of Oregon for purposes of enforcing the terms of this Protective Order.

_____

_____

_____
(Printed Name and Address)

Sworn to before me this _____ day of _____, _____.

_____
Notary Public of Oregon

My Commission Expires: _____

PAGE 1- EXHIBIT A

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

76878-0001/LEGAL20651958.2