1   Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
2   Erick Haynie, OSB No. 982482
    EHaynie@perkinscoie.com
3   Jeanette L. Thomas, OSB No. 980420
    JThomas@perkinscoie.com
4   PERKINS COIE LLP
    1120 N.W. Couch Street, Tenth Floor
5   Portland, OR  97209-4128
    Telephone:  503.727.2000
6   Facsimile:  503.727.2222

7   Attorneys for Loyal Land, LLC

8

9                    UNITED STATES BANKRUPTCY COURT

10                    FOR THE DISTRICT OF OREGON

11   In re

12   THORNBURGH RESORT COMPANY,          No. 11-31897-tmb11
     LLC,
13                                        **LOYAL LAND, LLC'S MEMORANDUM
                        Debtor.           OF LAW IN AID OF RELEVANCY
14                                        OBJECTIONS**

15
             Loyal Land, LLC ("Loyal") files this Memorandum of Law in Aid of Relevancy
16
     Objections (the "Memo") in connection with the evidentiary hearing on Loyal's Motion for
17
     Relief From Stay (the "Stay Motion") (Doc. No. 13).  Based on the statements of Debtor's
18
     counsel about the areas he intends to question Mr. Parker, and presumably Mr. DeLashmutt,
19
     Loyal anticipates asserting relevancy objections to potentially large categories of the testimony
20
     sought.  Because those objections are based on underlying legal theories that have yet to be
21
     briefed by either party to date, Loyal is submitting this memorandum of law in advance of the
22
     next evidentiary hearing so that the objections may be more fully understood when they are
23
     asserted.
24

25

26

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**BACKGROUND**

1.      On or about March 11, 2011 ("Petition Date"), Thornburgh Resort Company, LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code in Portland, Oregon commencing this Chapter 11 bankruptcy case.

2.      On March 22, 2011, Loyal filed the Stay Motion.  Evidentiary hearings on the Stay Motion have been held on May 18, 2011, May 31, June 1 and June 2.  Two additional days of hearing are planned for June 8 and June 10.

3.      On April 19, 2011, this Court directed Debtor to provide Loyal with a short and plain statement of the defenses as required by Federal Rule of Civil Procedure 8 by no later than April 22, 2011.  Loyal received Debtor's statement on April 27, 2011.  Debtor amended its statement twice, once on April 30, 2011 and again on May 7, 2011.

4.      In its April 30, 2011 amendment, Debtor's counsel included the following defense:

> The party acquiring the November 2007 promissory note ("Note") made for the benefit of Sterling Savings Bank and its subsidiary, Action Mortgage ("Sterling") was the joint venture referred to in the Memorandum of Understanding (Loyal document #422) entered into by Terence Larson and Jeffrey Parker.  The payor obligations under the Note, and the trust deed granted to secure those obligations, have been discharged.

5.      In its May 7, 2011 amendment, Debtor's counsel included the following defense:

> Equity looks to the substance of a transaction rather than its form. COIH functioned as an agent of Parker, who was a joint venturer with debtor under the Investment Agreement. Parker through COIH attempted to purchase the Loan without including debtor in any arrangement involving Larsen/Loyal as funding investor in that purchase. By entering into the Memorandum of Understanding of March 1, 2011, Parker, with the assistance of COIH, usurped the TRC joint venture's opportunity to utilize the interest of Larsen and Loyal to avoid foreclosure and proceed with development. This constitutes an additional tort and breach of fiduciary duty by Parker and COIH.

6.      In its Hearing Brief in Support of its Objection to Motion of Loyal Land, LLC for Relief From Automatic Stay (Doc. No. 65) ("Debtor's Brief"), Debtor has asserted various defenses against Loyal that it alleges will entitle Debtor to recoup sums in excess of amounts owed to Loyal.  Under the heading "Debtor Has Claims Against COIH In Excess of Amounts

LOYAL LAND, LLC'S MEMORANDUM OF LAW IN AID
RELEVANCY OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

76878-LEGAL21031068.3

Owed Under the Loan" Debtor provides as follows:

> Numerous breaches by PGI of its duty of good faith and fair dealing toward debtor under the IA occurred throughout the period following November 2007, together with breaches by PGI of its joint venture fiduciary duty to the project enterprise and to debtor as joint venturer with PGI.  As a result of those breaches in contract and equity, debtor is entitled to ask the court to look to the substance of these transactions and not be distracted by their form, and find that Parker as investor with COIH, and Parker as investor with Larsen, acquired a debt that he himself owed to Sterling.  The separate entities of PGI, Parker, and COIH being vehicles for advancing Jeff Parker's interest, formed in part for the purpose of stripping the joint venture created by the IA of the Property, to vest it in a different entity, all to the detriment of the joint venture he had with debtor.

Debtor's Brief, ¶ 63.

7.    Neither the statements of defenses nor the language in Debtor's Brief provide any legal analysis of the theory for Debtor's argument.  As such understanding the theory being asserted by Debtor has been difficult.  This confusion was cleared up somewhat in the opening statement of Debtor's Counsel.  Mr. Scharff stated:

> Your Honor, that's the reason I said a moment ago moment ago that when the form of the transaction disguises the real substance, you look to substance.  The substance was that Mr. Parker bought his own paper and sold it to Larsen as part of a larger deal.  And given the history of what happened between Mr. Parker and the Debtor, it's our view that the appropriate assessment of that transaction is that we had the same person who is both the obligor and the obligee on the same instrument, all subject to the duties of the memorandum of understanding, this deal with Mr. Larsen.  But, in effect, the debt should be deemed cancelled.  Now, . . . Mr. Larsen may well have a subrogation claim of $4 million, which is the money he put in against Mr. Parker, although he may well have waived that already.  But, in fact, from the standpoint of the Debtor, we view that note as discharged.  And once, of course, the note is discharged, the trust deed is discharged.

## ARGUMENT

### A.    A Court of Equity is Not Entitled to Ignore Applicable Law

8.    Debtor's arguments suggest that as a court of equity this Court may use its equitable powers to simply disregard the form of a transaction.  That, however, is not accurate.  A court of equity is bound by existing principles of law.  *See Nordling v. Cochran*, 98 Or. App. 747, 750 (1989) (holding "[E]ven in equity, a court does not have the authority to ignore existing principles of law in favor of its view of the equities.");  *Community Bank v. Jones*, 278 Or. 647,

PAGE  3-    LOYAL LAND, LLC'S MEMORANDUM OF LAW IN AID RELEVANCY OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

76878-LEGAL21031068.3

1    670 (1977) (observing that "equity follows the law" and that "in applying equitable defenses the

2    court should be sensitive to the public policy goals expressed by this State's statutory law").

3           9.     Although not clearly stated by Debtor, it appears that Debtor is attempting to argue

4    that the corporate form should be disregarded in not just one instance, but several instances.

5    Debtor's arguments appear to hinge on the actions of Mr. Jeff Parker.  Unfortunately, Mr.

6    Parker's actions are not a relevant inquiry.

7           10.    There is no dispute that Debtor entered into an investment agreement on June 5,

8    2007 with Parker Group Investments, LLC ("PGI"), as amended over time.  The members of PGI

9    are Jeff Parker and William Wilt.  Similarly, it cannot be disputed that the purchaser of the

10    Sterling Note was Central Oregon Investment Holdings, LLC ("COIH") and that, in a

11    simultaneous closing, COIH assigned the note to Loyal.  The sole member of COIH is Mr.

12    Darren Welborn.  The sole member of Loyal is Dr. Terry Larsen.

13           11.    Despite these incontrovertible facts, Debtor has taken the position that Mr. Parker

14    has somehow purchased his own note and therefore the note has been discharged.  This argument

15    fails for a number of reasons.  First, Mr. Parker is not PGI.  PGI is a legal entity and that legal

16    entity cannot be disregarded.  ORS 63.165 ("The debts, obligations and liabilities of a limited

17    liability company, whether arising . . . in contract, tort or otherwise, are solely the debts,

18    obligations and liabilities of the limited liability company."); *see also Lee v. Mitchell*, 953 P2d

19    414, 425 (Or. App. 1998) ("a corporation is a legal entity separate from its shareholders,

20    directors and officers"); *Peterson v. Employment Division*, 728 P2d 95, 96 (Or. App. 1986) ("The

21    purpose of incorporating a business is to create a separate legal and financial entity.").[1]

22           12.    Second, even if it could be determined that Mr. Parker should be held liable for

23    the acts of PGI, that is not the same as saying that Mr. Parker personally and not PGI is somehow

24    solely responsible for the repayment of the note.

25

[1] *See also Brown v. Margrande Compania*, 281 F. Supp. 1004 (D.C. Va. 1968) ("A corporation is an entity separate and apart from its stockholders and officers, and persons controlling it.")

26

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1    13.    Third, Mr. Parker is not a member of COIH.  While Mr. Parker may have

2  coordinated with COIH to facilitate COIH's purchase the note, nothing in that transaction gives

3  rise to any basis for treating Mr. Parker and COIH as the same entity.  There is no evidence of

4  any wrongdoing by COIH.

5    14.    Finally, Mr. Parker is not a member of Loyal.  And, although Mr. Larsen and Mr.

6  Parker have an understanding that contemplates the possibility of a future business relationship,

7  the note is currently held by Loyal and not by any such entity that Mr. Larsen and Mr. Parker

8  might establish.  Furthermore, even if the note or the project is ultimately contributed to that

9  entity, that entity is not the same as Mr. Parker and Mr. Parker cannot be said to own that note.

10  **B.    The Legal Standard for Veil Piercing is Very High**

11    15.    Under Oregon law, the corporate form is not lightly set aside.  Limited liability for

12  owners of corporations and LLC's is said to be "one of the major benefits of the corporate form

13  of business organization." *Klokke Corp. v. Classic Exposition, Inc.*, 130 Or. App 399, 404, 912

14  P2d 929, 932 (Or. Ct. App. 1996); *see also Amfac Foods v. Int'l Systems*, 294 Or. 94, 100, 654

15  P2d 1092, 1097 (Or. 1982) ("Limited shareholder liability was extended to corporate

16  shareholders to encourage risk capital investments").  Although the corporate form can be set

17  aside in some circumstances, "[l]imited liability is the rule" and veil piercing "the exception."

18  The Oregon Supreme Court has stressed that disregarding the corporate form is an "extraordinary

19  remedy" of "last resort," available only "where there is no other adequate and available remedy

20  to repair the plaintiff's injury." *Id.*; *see also City of Salem v. H.S.B.*, 302 Or. 648, 655, 733 P2d

21  890, 894 (Or. 1987) ("we have been extremely reluctant to disregard the corporate form unless

22  exceptional circumstances exist"); *Acrymed Inc. v. Convatec*, 317 F. Supp.2d 1204, 1214-15 (D.

23  Or. 2004) (making same observation).

24

25

26

PAGE  5-    LOYAL LAND, LLC'S MEMORANDUM OF LAW IN AID
RELEVANCY OBJECTIONS

76878-LEGAL21031068.3

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1      16.    A party asserting a veil piercing claim must establish the following three elements to impose liability on a shareholder for corporate wrongs:  (1) the shareholder must have controlled the corporation; (2) the shareholder must have engaged in "improper conduct" in the exercise of control over the corporation; and (3) the shareholder's improper conduct must have caused plaintiff's inability to obtain an adequate remedy from the corporation.  *Amfac Foods v. Int'l Systems*, 654 P2d 1092, 1101-02 (Or. 1982).  Each of these elements must be established to pierce the corporate veil; proving one or two alone is insufficient.  *Id.* at 1103; *Aero Planning Int'l Inc. v. Air Associates, Inc.*, 764 P2d 610, 612-13 (Or. Ct. App 1988); *Rice v. Oriental Fireworks Co.*, 707 P2d 1250, 1255 (Or. Ct. App 1985).  Oregon case law regarding corporate piercing also applies to LLCs.  *BDL Products, LTC v. Technical Plastics of Oregon, LLC*, 2006 WL 3628062 * 3 (D. Or. Dec. 11, 2006) ("I conclude that the piercing doctrine may be applied to LLCs under the same circumstances in which it is applied to corporations.").

17.    Debtor has not, and cannot, make a sufficient showing under this standard. Debtor's veil piercing analysis fails at various levels.  For example, Debtor cannot show that the Loyal entity should be pierced to somehow hold purported liabilities of PGI.  This is because (among other things) Loyal is neither owned by, nor controlled by, Jeff Parker or PGI.  This fact alone is dispositive of Debtor's entire theory seeking to "consolidate" entities based on "equity."

**C.**    **Questions Regarding Parker's Breaches of the Investment Agreement and Actions Relating to the Purchase of the Note Are Irrelevant**

18.    Loyal does not dispute that relations between PGI and Debtor deteriorated and that both of those parties allege the other has committed breaches of their Investment Agreement. However, breaches of the Investment Agreement and the disputes between Mr. Parker, Debtor and Mr. DeLashmutt are, for the reasons set forth above, not relevant to any determination of whether Loyal is entitled to enforce the note.  Accordingly, questions of Mr. Parker or Mr. DeLashmutt regarding those events are not relevant to this Court's determination of the Stay Motion.

LOYAL LAND, LLC'S MEMORANDUM OF LAW IN AID
RELEVANCY OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1

## CONCLUSION

2    For the foregoing reasons, Loyal respectfully submits that all questions relating to

3    breaches of the Investment Agreement and the disputes between Mr. Parker, Debtor and Mr.

4    DeLashmutt are not relevant and that all objections to testimony on that basis should be

5    sustained.

6    DATED:  June 6, 2011

By:  /s/ Jeanette L. Thomas
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Erick Haynie, OSB No. 982482
EHaynie@perkinscoie.com
Jeanette L. Thomas, OSB No. 980420
JThomas@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222
Attorneys for Loyal Land, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE  7-    LOYAL LAND, LLC'S MEMORANDUM OF LAW IN AID
RELEVANCY OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

76878-LEGAL21031068.3

1                    **CERTIFICATE OF SERVICE**

2        On June 6, 2011, I certify that a true and correct copy of **LOYAL LAND, LLC'S**

3  **MEMORANDUM OF LAW IN AID OF RELEVANCY OBJECTIONS** was sent to the party

4  listed below via U.S. Mail:

5                      Sandra L Knapp
6                      Gawthrop Greenwood PC
                       17 East Gay Street
7                      POB 562
                       WestChester, PA 19381-0562
8

9                      IKON Office Solutions
                      Recovery & Bankruptcy Group
10                    3920 Arkwright Rd #400
                      Macon, GA 31210

11        The ECF Participants listed below were registered with the Court to receive electronic

12  notification of all pleadings filed as of the date shown below:

13    • Gary U. Scharff on behalf of Debtor - gs@scharfflaw.com

14
15    • Justin D. Leonard on behalf of Creditor Amy Mitchell, Trustee for Bankruptcy Estate of Robert L. and Lynn C. Keys, D. Or. Bk. Case No. 10-34294-tmb7 - jleonard@bjllp.com, jweisenbach@balljanik.com
16

17    • Charles R. Markley on behalf of Creditor  Sterling Savings Bank charles.markley@greenemarkley.com, norah.cartier@greenemarkley.com
18

19    • US Trustee, Portland - USTPRegion18.PL.ECF@usdoj.gov

20        Dated this 6th day of June, 2011

21                    PERKINS COIE LLP

22                    /s/ Jeanette L. Thomas
                    Jeanette L. Thomas, OSB 980420
23

24                    Attorneys for Loyal Land, LLC

25

26

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

76878-LEGAL21031068.3